UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| Andrew Arashiba, | Civ. No. 20-579 (PAM/DTS) |
| Plaintiff, | |
| v. | **ORDER** |
| City of Minneapolis, | |
| Defendant. | |

This matter is before the Court on the Report and Recommendation ("R&R") of United States Magistrate Judge David T. Schultz dated January 21, 2021. The R&R recommends denying Plaintiff's Motion to Amend his Complaint (Docket No. 10) for futility.

The R&R sets forth the full factual background, and the Court need not revisit it here. In brief, Plaintiff Andrew Arashiba sought permission to amend his Complaint to add two claims and join two Minneapolis police officers, Officer Michael Mays and Sergeant Aimee Linson, as Defendants. Because Defendant City of Minneapolis opposed the Motion, Plaintiff may only amend with the Court's leave. Fed. R. Civ. P. 15(a).

Rule 15(a)(2) dictates that a court should "freely give leave when justice so requires," but "[t]here is no absolute right to amend." Becker v. Univ. of Neb. at Omaha, 191 F.3d 904, 907-08 (8th Cir. 1999). The Court may deny leave to amend "based upon a finding of undue delay, bad faith, dilatory motive, repeated failure to cure deficiencies in previous amendments, undue prejudice to the non-moving party, or futility." Baptist

Health v. Smith, 477 F.3d 540, 544 (8th Cir. 2007).  "[I]n determining whether to permit an amendment . . . the district court has broad discretion and will not be reversed except upon a showing of abuse."  Brown v. Cooper Clinic, P.A., 734 F.2d 1298, 1301 (8th Cir. 1984) (quotation omitted).

Plaintiff objects to the R&R.  (Pl.'s Obj. (Docket No. 23).)  According to statute, the Court must conduct a de novo review of any portion of the R&R to which specific objections are made.  28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b); D. Minn. L.R. 72.2(b).

Plaintiff first objects to the R&R's finding that Plaintiff's First Amendment retaliation claim fails to plausibly allege a violation of a constitutional right.  Plaintiff alleges that in reporting what he believed to be excessive use of force, he was speaking on a matter of public concern, and that he was retaliated against for doing so.  (Pl.'s Obj. at 9.)  As Defendant asserts, the R&R correctly found that Plaintiff's statements are not subject to First Amendment protection because Plaintiff made the statements as a public employee under his official duties.  (Def.'s Opp'n Mem. (Docket No. 24) at 7; R&R at 10-11 (quoting Garcetti v. Ceballos, 547 U.S. 410, 421, 689 (2006).)  Minneapolis police officers are required to report such concerns, and Plaintiff acknowledges as much. (Proposed Am. Compl. (Docket No. 13) ¶ 17.)  Because Plaintiff was not acting as a private citizen, the Minneapolis Police Department could not have violated his First Amendment rights.  Plaintiff's objection regarding his First Amendment claim is without merit.

Likewise, as the R&R concluded, Plaintiff's Monell claim is futile because he failed to establish a First Amendment retaliation claim to which the Monell claim applies.  (R&R

2

at 14-15); Plaintiff's objection to the contrary is baseless. Moreover, the R&R found that Plaintiff's Monell claim was insufficiently pled because Plaintiff did not identify any specific Minneapolis Police Department customs or policies that caused his termination. (Id. at 15-16 (citing Monell v. Dep't of Soc. Servs., 436 U.S. 658, 694 (1978)). Relying on Gearin v. Rabbett, No. 10cv2227, 2011 WL 317728 (D. Minn. Jan. 28, 2011) (Schiltz, J.), Plaintiff maintains that his vague allegation of an unwritten policy that exists to punish officers who report misconduct adequately supports his Monell claim. (Pl.'s Obj. Mot. at 4.) But Gearin held that an allegation of policymakers' inaction in the face of awareness of an issue that required a policy could potentially state a Monell claim, which is distinct from Plaintiff's allegation here. Id. at *8. The R&R's finding that Plaintiff did not plead sufficient facts to bolster his Monell claim was not clearly erroneous and the Court did not impose an improperly high pleading standard, as Plaintiff contends. (R&R at 17.) Plaintiff's objections regarding his Monell claim are overruled.

Plaintiff's final objection is that the R&R erred in not joining Linson and Mays as individual defendants under Rule 20(a)(2). (Pl.'s Obj. at 13.) The only claim brought against them is Plaintiff's proposed First Amendment retaliation claim, which fails to state a plausible claim. Thus, naming Linson and Mays as defendants would be frivolous, and Plaintiff's objection fails.

As the R&R determined, allowing Plaintiff to file an Amended Complaint would be futile because he has not shown that his proposed claims "raise a right to relief above the speculative level" or "raise a reasonable expectation that discovery will reveal evidence of [the claim]." Birchwood Labs. v. Battenfield Techs., Inc., 762 F. Supp. 2d 1152, 1156 (D.

3

Minn. 2011) (Keyes, M.J.) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 556 (2007)).

After conducting the required review, the Court **ADOPTS** the R&R. (Docket No. 22.)

Accordingly, **IT IS HEREBY ORDERED that** Plaintiff's Motion to Amend the Complaint (Docket No. 10) is **DENIED**.

Dated:  Friday, February 26, 2021

*s/ Paul A. Magnuson*
Paul A. Magnuson
United States District Court Judge